IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| iPALADIN, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2462-K |
| | § | |
| ORCA AG and ORCA AMERICA, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss Under Rule 12(b)(3) for Improper Venue (the "Motion") (Doc. No. 53) filed by Defendants Orca AG and Orca America, Inc. (together, the "Orca Defendants"). Plaintiff iPaladin, LLC filed a Response in Opposition (the "Response") (Doc. No. 64) and the Orca Defendants filed a Reply in Support (the "Reply") (Doc. No. 70). The Court has carefully considered the Motion, the Response, the Reply, the relevant portions of the record, and the applicable law. The Court finds the Orca Defendant's waived any challenge to venue by failing to raise the defense in its initial motions to dismiss under Rule 12(b). Accordingly, the Court **DENIES** the Motion.

I.    **Factual and Procedural Background**

On September 30, 2024, Plaintiff iPaladin, LLC ("Plaintiff") filed this case against the Orca Defendants asserting, generally, federal patent infringement claims. *See, e.g.,* Doc. No. 1 at 15-19. (All page citations herein are to the CM/ECF-assigned page number.) In

its Original Complaint, Plaintiff alleges that "Defendant ORCA AG is a company organized under the laws of Switzerland, with a principal place of business at 6050 Desco Drive, Dallas, Texas 75225" and Defendant Orca America, Inc., a subsidiary, "is a company organized under the laws of the State of Delaware." Doc. No. 1 at 1. Plaintiff also alleges venue is proper in the Northern District of Texas "under 28 U.S.C. §§ 1391 and 1400(b) as [the] Orca Defendants have committed acts of infringement in this District and, upon information and belief, have a regular and established place of business in this District." *Id.* at 3.

On January 28, 2025, the Orca Defendants filed a Motion to Dismiss Under Rule 12(b)(2) for Lack of Personal Jurisdiction (the "12(b)(2) Motion") (Doc. No. 26) arguing, generally, that the Court could not exercise personal jurisdiction (general or specific) over Orca AG (a Swiss entity) or Orca America, Inc. (a Delaware corporation with no principal place of business). *See* Doc. No. 28 at ¶ 6; *see, e.g.*, Doc. No. 27 at 12. The Orca Defendants asserted that Plaintiff could not establish sufficient contacts for either of the Orca Defendants and, even if it could, the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *See generally* Doc. No. 27. That same day, the Orca Defendants also filed separate motions to dismiss pursuant to Rule 12(b)(6) and 35 U.S.C. § 101. Doc. Nos. 31 & 33. However, the Orca Defendants raised no other defenses under Rule 12(b) at the time these initial Rule 12(b) motions were filed on January 28, 2025.

In response to the Orca Defendants' initial motions to dismiss, Plaintiff filed an Amended Complaint (Doc. No. 39).  Plaintiff alleges in the Amended Complaint that "Defendant Orca AG is a company organized under the laws of Switzerland, with a principal place of business in Dallas, Texas, which is believed to be located at 4037 Buena Vista Street, Dallas, Texas 75204."  Doc. No. 39 at 1.  Plaintiff further alleges that "Defendant Orca America is a company organized under the laws of the State of Delaware and is a subsidiary of Defendant Orca AG" with its "principal place of business in Dallas, Texas which is believed to be located at 4037 Buena Vista Street, Dallas, Texas 75204." *Id.* at 2.

On the filing of the amended pleading, the Court entered an order denying as moot the Orca Defendants motions to dismiss.  The Orca Defendants thereafter filed this Motion to dismiss for improper venue under Rule 12(b)(3) as well as a second round of motions to dismiss under Rule 12(b)(6) and 35 U.S.C. § 101, Doc. Nos. 57 & 59.  The Court determines only the Motion to Dismiss for Improper Venue in this Memorandum Opinion and Order.

## II.    Applicable Law

Federal Rule of Civil Procedure 12(g)(2) provides:  "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  FED. R. CIV. P. 12(g)(2); *see Gilmour, Tr. for Grantor Trs. v. Blue*

*Cross & Blue Shield of Ala.*, 2019 WL 2147580, at *1 (W.D. Tex. Mar. 6, 2019) ("Under Rule 12(g)(2), a party that makes a motion to dismiss under Rule 12(b) prior to answering must consolidate all of its Rule 12 defenses into one motion.") (internal quotations and citation omitted). Rule 12(h)(1) states that a "defense listed in Rule 12(b)(2)-(5)" is waived by a party who "omit[s] it from a motion in the circumstances described in Rule 12(g)(2)". FED. R. CIV. P. 12(h)(1)(A). (The limited exceptions addressed in Rule 12(h)(2) and (3) do not apply here.) "The policy is one of promoting judicial efficiency by avoiding piecemeal, pre-answer litigation of 12(b)(2)-(5) defenses." *Gilmour*, 2019 WL 2147580, at *1 (cleaned up).

### III.  Analysis

The Orca Defendants move the Court to dismiss this suit for improper venue under 28 U.S.C. § 1400(b) because neither of the Orca Defendants "reside here nor have they committed acts of infringement within this District, nor do they maintain an 'Established Place of Business' here." Doc. No. 54 at 5. In its Response, Plaintiff argues as an initial matter that the Motion must be denied because the Orca Defendants waived their improper venue defense by failing to raise it in their first set of Rule 12(b) motions. In their initial motions to dismiss under Rule 12(b), the Orca Defendants asserted only lack of personal jurisdiction under Rule 12(b)(2) along with failure to state a claim under Rule 12(b)(6). *See generally* Doc. Nos. 26, 31 & 33. Now, in responding to the Amended

Complaint, the Orca Defendants challenge venue under § 1400(b) pursuant to Rule 12(b)(3).

To be sure, "[v]enue is largely a matter of litigational convenience; accordingly, it is waived if not timely raised." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). The clear language of Rules 12(g) and (h) "plainly state a simple condition: an unasserted venue defense is waived unless it was not 'available' to the defendant when the initial Rule 12 motion was filed." *Infernal Tech., LLC v. Sony Interactive Ent. LLC*, 2020 WL 6781564, at *1 (E.D. Tex. Nov. 18, 2020). The Court concludes that venue was "available" to the Orca Defendants within the meaning of Rule 12(g)(2) at the time they initially moved to dismiss under Rule 12; therefore, the Orca Defendants waived their right to challenge venue.

The Orca Defendants contend in their Reply that there were "changes" to Plaintiff's "venue pleadings" in its Amended Complaint. Doc. No. 70 at 3. The Orca Defendants specifically reason that "Plaintiff used a completely different address in its Amended Complaint, which constitutes a material change to its venue pleadings from its Original Complaint, going beyond a mere clarification or minor correction, [thereby] clearly affecting the 'regular and established place of business' analysis under § 1400(b)." *Id.* Indeed, Plaintiff's allegation regarding the address of the Orca Defendants' principal place of business changed in the Amended Complaint. However, the address alleged in the Original Complaint and the one alleged in the Amended Complaint, while on different

streets, are both located in Dallas, Texas. *Compare* Doc. No. 1 at 1 ("6050 Desco Drive, Dallas, Texas 75225") *with* Doc. No. 39 at 1 ("4037 Buena Vista Street, Dallas, Texas 75204."). The Orca Defendants fail to acknowledge this detail let alone explain how this constitutes a "material change" such that the venue challenge was not available at the time of their initial motions to dismiss under Rule 12(b), which is the central inquiry for the Court.

Despite the Orca Defendants' strained argument to the contrary, there is simply nothing in this record suggesting that the improper venue defense was not "available" to the Orca Defendants at the time they filed their initial Rule 12(b) motions. Because they failed to challenge venue in those initial Rule 12 motions when it was "available" at that time, the Orca Defendants have waived their venue objection under Rule 12(b)(3). *See Infernal Tech.*, 2020 WL 6781564, at *3 (alleged infringer waived its §1400(b) venue challenge when it failed to raise it in its first motion to dismiss because "the venue objection was 'available' to [the defendant] within the meaning of Rule 12(g)(2) when it initially moved under Rule 12.").

The fact that the initial Rule 12(b) motions were later denied as moot because Plaintiff filed its Amended Complaint is of no moment. The fact remains that the Orca Defendants filed a Rule 12(b)(2) motion along with Rule 12(b)(6) motions in response to the Original Complaint and they failed to include their venue challenge under Rule 12(b)(3) in these motions to dismiss or to even file a separate motion contemporaneously

with those. *See* FED. R. CIV. P. 12(g)(2) & (h)(1). "The purpose of the Rule 12(h)(1) automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory device of making them in a series." *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (per curiam).

For these reasons, the Court finds that the Orca Defendants waived their objection to venue under Rule 12(b)(3).

## IV. Conclusion

The Court **DENIES** the Motion to Dismiss Under Rule 12(b)(3) for Improper Venue (Doc. No. 53).

**SO ORDERED.**

Signed June 17th, 2025.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE